UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GOTSPACE NASHUA, LLC; and<br><br>GOTSPACE MERRIMACK, LLC;<br><br>    Plaintiffs,<br><br>    v.<br><br>EDWARD SMITH;<br><br>111 NORTHEASTERN SPE, LLC;<br><br>14 CONTINENTAL SPE, LLC; and<br><br>NAI NORWOOD GROUP;<br><br>    Defendants. | Case No. 21-CV-11955-AK |

## MEMORANDUM AND ORDER ON DEFENDANTS' MOTIONS TO DISMISS AND PLAINTIFF GOTSPACE MERRIMACK, LLC'S MOTION FOR LIS PENDENS

**A. KELLEY, D.J.**

    Currently pending before the Court are two Motions to Dismiss filed by Defendants in this case [Dkts. 4 and 13], as well as a Motion for Lis Pendens [Dkt. 10] filed by Plaintiff Gotspace Merrimack, LLC. For the reasons set forth below, both of the various Defendants' Motions to Dismiss are **GRANTED** and the case is **DISMISSED WITHOUT PREJUDICE**. As such, Plaintiff's Motion for Lis Pendens is **DENIED AS MOOT** due to the Court's lack of present jurisdiction over this action.

I. BACKGROUND

On August 30, 2021, Plaintiffs Gotspace Nashua, LLC and Gotspace Merrimack, LLC (collectively, "Plaintiffs") filed a complaint in Suffolk County Superior Court, alleging a variety of claims stemming from Defendants' alleged fraud and money laundering related to Plaintiffs' purchase of two self-storage warehouses in New Hampshire. [Dkt. 17-1]. Plaintiffs asserted claims arising under the Racketeer Influenced and Corrupt Organizations ("RICO") Act, see 18 U.S.C. § 1961 *et seq.*, as well as for breach of contract, intentional interference with contracts, misrepresentation, conversion, unfair and deceptive practices in violation of Mass. Gen. Laws. ch. 93A § 11, and equitable relief. [Dkt. 17-1]. On September 3, 2021, Plaintiffs filed an amended complaint also in Suffolk County Superior Court, which contained only minor changes. [Dkt. 17-3]. On December 3, 2021, Defendants 111 Northeastern SPE, LLC ("111 Northeastern"), 14 Continental SPE, LLC ("14 Continental"), and Edward Smith ("Smith") filed a Notice of Removal [Dkt. 1] with Suffolk County Superior Court and with this Court pursuant to 28 U.S.C. § 1446(d), and with the consent of the fourth Defendant NAI Norwood Group ("NAI Norwood").[1]

By the time Defendants filed their Notice of Removal on December 3, 2021, 91 days after Plaintiffs filed their amended complaint [Dkt. 17-3] in state court, no Defendant had been properly served. [See Dkt. 1 at ¶ 2]. Defendants state that no Defendant had received a summons in the Superior Court action, and that defense counsel had merely received an emailed copy of the amended complaint and civil action cover sheet on September 3, 2021. [Id.] On the same day

---

[1] Plaintiffs' complaint in state court also lists various other entities as defendants in the case caption, though those entities were not formally identified as parties in either the original complaint [see Dkt. 17-1 at 4] or the amended complaint [see Dkt. 17-3 at 4]. However, Defendants note in their Notice of Removal that, "to the extent the Complaint attempts to name as co-defendants unidentified business entities described as 'MI-BOX,' 'Trophy Storage' or 'College Bound Movers,' those co-defendants consent to removal" as well, [Dkt. 1 at ¶ 7], and the presence or absence of these additional potential defendants ultimately has no bearing on the Court's reasoning and decision herein.

2

that Defendants filed their Notice of Removal [id.], Defendants 111 Northeastern, 14 Continental, and Smith also filed a Motion to Dismiss [Dkt. 4] for failure to serve, along with an accompanying Memorandum of Law [Dkt. 7].

Plaintiffs timely filed opposition to Defendants 111 Northeastern, 14 Continental, and Smith's Motion to Dismiss on December 17, 2021. [Dkt. 8]. In their opposition, Plaintiffs refer to their emailed copy of the complaint, and state that on December 7, 2021, Plaintiffs also "sent (formal) process for service upon each defendant" [id. at 1] to the Rockingham County Sheriff's Office and the Hillsborough County Sheriff's Office in New Hampshire, and they attach photographs of pre-paid envelopes as purported "evidence" of service [id.; see also Dkt. 8-1]. Plaintiffs assert that service of process "was effected" in Hillsborough County on December 10, 2021, and in Rockingham County on December 9, 2021. [Dkt. 8 at 2]. However, they are silent as to which defendants were served in which counties, and filed no summons returned executed or proof(s) of service along with their opposition filing. On December 21, 2021, Defendants 111 Northeastern, 14 Continental, and Smith filed a reply brief [Dkt. 9] to Plaintiffs' opposition.

On December 22, 2021, Plaintiff Gotspace Merrimack, LLC filed a Motion for Lis Pendens [Dkt. 10] and accompanying memorandum of law [Dkt. 11], seeking endorsement of a memorandum of lis pendens pursuant to Mass. Gen. Laws. ch. 184 § 15, which would effectively attach real property with disputed title to the present action. [Id.] On December 30, 2021, Defendants 111 Northeastern, 14 Continental, and Smith filed opposition [Dkt. 15] to Plaintiffs' Motion for Lis Pendens, asserting this Court must not reach the motion due to Plaintiffs' failure to serve Defendants and the Court's resultant lack of jurisdiction. [Id. at ¶¶ 1–2]. That same day, Defendant NAI Norwood also filed a Motion to Dismiss [Dkt. 13] and an accompanying memorandum of law [Dkt. 14], citing the same issues regarding Plaintiffs' failure to execute

proper service as had been cited in the other defendants' earlier Motion to Dismiss [Dkt. 4]. [See Dkt. 14].

On December 31, 2021, Plaintiffs finally filed documents purporting to be summons returned executed for all Defendants (as well as some of the additional, inconsistently identified potential defendants). [See Dkts. 16, 16-1, 16-2, and 16-3]. However, at no time did Plaintiffs ever request any extension of time to complete service, nor did they file any opposition to Defendant NAI Norwood's Motion to Dismiss [Dkt. 13].

## II. ANALYSIS

### a. Defendants' Motions to Dismiss

"[S]tate law governs the service of process prior to removal to the district court." Crossetti v. Cargill, Inc., No. 18-CV-30002-KAR, 2018 WL 2770130, at *2 (D. Mass. June 8, 2018), aff'd, 924 F.3d 1 (1st Cir. 2019) (quoting Osborne v. Sandoz Nutrition Corp., No. 95-1278, 1995 WL 597215, at *1 (1st Cir. Oct. 6, 1995) (per curiam) (unpublished)); see also Fed. R. Civ. P. 81(c)(1). Accordingly, the Court applies Massachusetts state law and rules of civil procedure when analyzing service of process in this case, though it is worth noting that the federal rules and law are effectively the same. See Mass. R. Civ. P. 4(j); Fed. R. Civ. P. 4(m).

Mass. R. Civ. P. 4(j) provides that if a plaintiff does not serve the summons and complaint "upon a defendant within 90 days after the filing of the complaint and the [plaintiff] cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to [the plaintiff] or upon motion." Mass. R. Civ. P. 4(j). As with the federal rule, Fed. R. Civ. P. 4, there is no provision allowing for service by electronic mail to a defendant's counsel, without

4

any proper service to the defendant itself. See generally Mass. R. Civ. P. 4.

The "good cause" standard under Mass. R. Civ. P. 4(j) is a "stringent standard requiring diligent albeit unsuccessful effort to complete service within the period prescribed by the rule." Crossetti, 2018 WL 2770130, at *4 (citing Comm'r of Revenue v. Carrigan, 698 N.E.2d 23, 26 (Mass. App. Ct. 1998)) (internal quotations omitted). The Court must look to counsel's "reasonableness and diligence" in their attempts to properly serve defendants within the time prescribed by the rule, and "[h]alf-hearted efforts by and inadvertence of counsel do not constitute good cause." Crossetti, 2018 WL 2770130, at *4 (internal citations omitted). Counsel's mistake or inadvertence do not constitute good cause. Id.

The federal caselaw on this issue provides a similar standard. While Fed. R. Civ. P. 6(b) provides that a plaintiff may request an extension of time to serve a defendant, "[a] plaintiff's knowing failure to file an extension within the [90]–day period, however, can weigh against a finding of good cause." Diaz-Rivera v. Supermercados Econo Inc., 18 F. Supp. 3d 130, 133 (D.P.R. 2014) (citing Yordan v. Am. Postal Workers Union, AFL–CIO, 293 F.R.D. 91, 95–96 (D.P.R. 2013)). Instead, "[g]ood cause is likely to be found when a plaintiff diligently acts to effect service or there are mitigating circumstances." Diaz-Rivera, 18 F. Supp. 3d at 133 (citing Moreno–Perez v. Toledo–Davila, 266 F.R.D. 46, 50 (D.P.R. 2010)).

Here, Plaintiffs have provided no explanation whatsoever for their failure to properly serve Defendants in time—certainly not anything that could amount to "good cause." [See Dkt. 8]. Nor did Plaintiffs ever file any motions for extension of time in which to properly serve Defendants, even after Defendants Smith, 111 Northeastern, and 14 Continental filed the first motion to dismiss [Dkt. 4] for failure to timely effect proper service. Such flagrant lack of compliance with both the Federal and Massachusetts Rules of Civil Procedure with regard to

service of process cannot be excused simply because Plaintiffs were aware defense counsel received an email containing the complaint. [See Dkt. 8 at 1]. As set forth in Crossetti, 2018 WL 2770130, at *4, "neither the defendant's actual knowledge of the lawsuit, nor the lack of any prejudice from the delay in service, is a relevant factor in a Rule 4(j) analysis." Id. (internal citations omitted). Nevertheless, it is worth noting that Plaintiffs in this case have not even put forth such arguments to this Court in their three-paragraph opposition filing. [Dkt. 8].

Finally, while not dispositive, Plaintiffs' failure to even respond to Defendant NAI Norwood's Motion to Dismiss [Dkt. 13] appears to demonstrate additional lack of any argument to justify the delay, as well as further failure to comply with all applicable rules and to prosecute their case accordingly.

Defendants' Motions to Dismiss [Dkts. 4 and 13] are therefore **GRANTED** for failure to timely effect proper service.

### b. Plaintiff's Motion for Lis Pendens

Due to Plaintiffs' failure to properly serve Defendants within the 90 days prescribed by Mass. R. Civ. P. 4(j), this Court is without personal jurisdiction to hear this case. See Vazquez-Robles v. CommoLoCo, Inc., 757 F.3d 1, 8 (1st Cir. 2014); Omni Cap. Int'l Ltd. V. Rudolf Wolff & Co., 484 U.S. 97 (1987). Accordingly, Plaintiff Gotspace Merrimack, LLC's Motion for Lis Pendens [Dkt. 10] is **DENIED AS MOOT**.

### III. CONCLUSION

In summary, Defendants' Motions to Dismiss [Dkts. 4 and 13] are **GRANTED**, and Plaintiffs' claims against Defendants Edward Smith, 111 Northeastern SPE, LLC, 14 Continental

SPE, LLC, and NAI Norwood Group are **DISMISSED WITHOUT PREJUDICE**. Plaintiff Gotspace Merrimack, LLC's Motion for Lis Pendens [Dkt. 10] is **DENIED AS MOOT** in accordance with this ruling.

**SO ORDERED.**

July 29, 2022                                                                 /s/ Angel Kelley
                                                                              ANGEL KELLEY
                                                                              U.S. DISTRICT JUDGE